and you can proceed when you'd like but would you I don't want to mispronounce your name so give it okay I can do that okay please proceed when you're ready thank you may it please the court this case involves a set of parents and two children Zola was awarded custody of the party's two children at that time and child support was set at 1700 the two children are Jessica fix and her date of birth is August 21st 1989 she is now 23 years old Caitlin fix whose date of birth is October 21st 1995 she is 16 years old on payment of college expenses for the older child Jessica Jessica was enrolled at that time at SIU Carbondale at the and at the time of the filing of the petition she was staying in the dorms there she was almost done with her finals or had completed her finals at the time of the filing Jessica had completed two years of college at John A. Logan one year she resided with the and the other year she resided with her father dr. fix at the time of the hearing all the parties agreed that the college educational expenses for the time at John A. Logan were awash because they had each paid for one year Caitlin the sixteen-year-old her custody changed in September of 2011 from dad to mom dad filed a petition in March of 2011 asking for custody right after the filing of the petition for educational expenses within one month however Zola Vann filed a petition to increase child support even though the parties were divorced in 1997 she had never sought an increase in child support at the time of the hearing on October 24th 2011 the court was presented with numerous issues what should the college educational expenses be for Jessica should dr. fix get any back college educational expenses the petition filed by Zola Vann for an increase in child support from January of 2011 up until September of 2011 when Jessica her Caitlin went to live with her father whether or not there was any child support for the difference in what he was paying what should have been for the increase also at the trial dr. fix is attorney asked that the court consider college educational expenses for Caitlin who had just turned 16 there was no petition that was filed prior to this the case not been noticed that there had been no notice given to Zola Vann that any issue with regards to Caitlin's college expenses would be considered and the trial judge said he would reserve that he would hear all the evidence and make a decision at the end at the actual hearing there were only two parties that testified and that was Zola Vann and dr. fix dr. fix is an optometrist working for dr. center the testimony was that at the time of the hearing on October 24th his gross income to date for 2011 was $111,000 he also earned $300 a week through the Federal Bureau of Prisons by spending a morning down at the Marion Federal Prison checking the eyes of inmates dr. fix is also married and the person the bank hearing is a teller and their total income for 2010 was about 175,000 Zola Vann on the other hand at the time of the hearing in last October was in her fifth year as an elementary school teacher through the date of the hearing her gross yearly income was thirty five thousand seven Zola is also married to a retired English teacher the testimony at the hearing with regards to their combined income was through a financial affidavit financial affidavit included all all the parties income Zola and her husband own three rental houses but they also had substantial debt on that those three rental houses after considering the amount that miss van was now going to have to pay dr. fix for testimony was that at the end of the month Zola and her husband had three hundred and fifty three dollars remaining that was a combined income of them 124 was what judge Lewis found and I don't know how he made that finding because if you took their financial affidavit and multiply it out it was about 95 dr. Fitz presented evidence regarding Jessica's college bills he wanted what he wanted was even though he filed in December 2010 he wanted payment for the entire semester from August through December 2010 he also was purchased and while she was attending Johnny Logan pursuant to the joint parenting agreement or the mirror in the marital settlement agreement parties were required to maintain a life insurance policy on both of the girls and any of the cash value was to be applied to the girls college educational expenses nobody at the hearing was able to what if any cash value amount was had accrued at that time so the judge said please get me that information after the hearing and I will take it into consideration after the hearing the court learned that Jessica's cash value was nine hundred and forty two dollars and twenty five cents the trial court entered a docket entry on November 8th 2011 he ruled at that time that the six family that income was a hundred and seventy five and I'm sorry it wasn't hundred twenty four he said it was a hundred and twenty six he found that there were eighteen thousand eight hundred and fifty four dollars in total college educational expenses and because of the timing of the petition by dr. Fitts he found that under the Peterson case he couldn't go backwards he had to start from that day so he was starting in January of 2011 there after said a 60% 40% ratio for college educational expenses with dr. Fitts being responsible for 60 and Zola being responsible for 40 the child was not responsible for any portion the testimony also at the trial was that Jessica had worked while she was going to school at John a but that dr. Fitts and Jessica with no discussion from Zola had decided that Jessica was not going to work while she was at SIU the court also heard some testimony regarding some back medical payments that dr. Fitts had made and rather than the court setting the same 40 standard that it did for the college educational expenses did a 50-50 split for the past medical in any future medical with regards to Jessica dr. Fitts had also asked the court because Caitlin had come to live with him in September of 2011 and he had already made his October child support payment through a deduction from his employment he wanted that one month back the court denied that saying that Zola was still finishing up with paying expenses for Caitlin from September of 2011 there was no mention with regards to any back child support that Zola van had sought in her file petition of January 4th and the court also then said that as far as who was 16 at the time no evidence as to what school she's going to go to what her income is that we would use the same 60 40 percent ratio when Jessica or I'm sorry when Caitlin goes to school and that if anybody had a problem with that they could file for modification at that time an order was entered on December 1st 2010 the amounts for the back college expenses that the court ordered that Zola van was going to have to pay and the one half of the medical expenses were reduced to a judgment even though that wasn't reflected in the docket entry the order that was entered on December 1st 2010 also says that Zola van's motion for child support was denied the docket entry doesn't indicate that it was denied it just wasn't addressed further because of the change in custody the court did not take up any consideration with regards to visitation he has in his order as far as I can determine the issues of increase in child support and they were they were in the transcript I mean in the very first page when the court says what are the issues with regards to this case the court was advised by mr. Maurizio he went through all of the pleadings if the court didn't rule on all the issues that were raised do we have jurisdiction yes because I filed a timely motion for reconsideration pointing out to the court that he had not considered the issue with regards to the outstanding petition for child support and in his docket entry he says that that issue wasn't raised then we got the transcript and in the transcript it's repeatedly discussed it wasn't the main issue the main issue obviously was the college educational expenses but it was raised when mr. Maurizio dr. fix his attorney was asked at the very beginning what are the outstanding issues but if we if we determine that the proud court did not address issues that you raised would your appeal be premature and we would remain for that purpose alone I don't think so because I brought that to the court's attention and then he said that he didn't agree with you but what if we agree with you well if you're right if we agree with you on what you're arguing then you're then the case isn't completely decided and we wouldn't have jurisdiction well because he said that I was wrong I felt that it was timely plus we've got all the other issues you know mainly the issues with regards to the college educational expenses both the the disparity I feel in what was ordered to Zola Vian to pay given her ex-husband's exorbitant income over what she makes as an elementary school teacher plus the added burden of adding Jessica the younger child when there was we don't know where she's going to go to school and and to throw that in and then say well fine we'll make it if you have a problem modify it when you have to show a substantial change of circumstance you know that in and of itself I think is is something that the court this court needs to attention so it's in the petition though the petition or the motion for reconsideration no in the original petition yes she filed a separate petition when she got the petition for college educational expenses within a month it was her attorney who she had at the trial level said well if we're going to go to court for this let's increase your child support and it wasn't for another nine months that until parties agreed that Jessica would go live with him so you have that time period and I think that if you do the math it should be anywhere from 800 to $1,000 a month that he should have been paying and if that's the case then you've got the whole issue of what she was ordered to pay dr. fix for Jessica or for him for Jessica's whether or not that child support would so but going back to what Zola was ordered to pay if you just look at what the even in I understand that the case law says that you look at a spouse's income for purposes of determining whether or not there's income to assist that person in the payment of college educational expenses I don't know that it's necessarily automatic income that should get counted it that's not what the statute says and the affidavit and you got to remember nobody called Zola man's husband to testify as to what his income was the only information was in the financial affidavit and the financial affidavit at the end of the day showed the available income between the two of them was $350 and that was after the payment of the child support to dr. fix so given the disparity in the income and the fact that Jessica did work and now wasn't being required to work I feel that the court should send it back for determination is to a better value for the parties given their income and perhaps to have Jessica work for them to pay with regards to Caitlin the younger child there's no question that needs to be we should deal with that when she's ready to go to school when she's a senior and we know she's going to John a or she's going to Purdue or wherever but we don't know what her financial FAFSA is going to say what grants or scholarships she's going to receive but just to say Zola you have to pay 40% irregardless of where Caitlin goes is not fair and it wasn't fair because it wasn't noticed up and it wasn't pledged for okay thanks for coming and presenting your oral argument today and thank you for your brief